Mr. Justice Scott delivered the opinion of the Court. Roberts filed his petition in the circuit court of Phillips county, .during the November.term, 1853, praying a. writ of certiorari to the couuty court of that county, to bring up, for direct examination, all the proceedings of the latter court touching the alleged .establishment of a certain private road from, the plantation of Williams to the Mississippi river, .over the lands of several persons, the petitioner among the number., He showed that, in April, 1850, while the lands, of the injury -to which he complains, was owned by one Erwin, Williams petitioned the county court for the private road in question, and it •was laid out for him by commissioners, whose report at the July term, 1850, was read, approved, and confirmed, by the county .court, and ordered to be spread upon its records. And that, ever since, Williams has claimed the privilege of said road. The petitioner becoming the purchaser of the lands in question from Erwin, in February, 1851, and feeling himself aggrieved hy the ro.ad) so claimed to be established, applied, by petition, to the county court for redress, at the April term, 1852, which was as soon as he could conveniently do so, as he alleges. That, upon his application, the court, thinking it reasonable, appointed reviewers to examine the route already so fixed', and also any other practicable route; and ordered them, jn case they found any such latter not running through the cultivated lands of the petitioner and one Owens, to lay it out, assess damages, and report their doings to thé then next succeeding term of the county court, which was fixed by law in the month of July next following. And that they should meet for fhe discharge of their duties at the house of the petitioner, on the first Monday of July. That these reviewers did not meet at the time appointed, nor make their report to the next term of the court, as the}- were ordered to do, but met on the 17th and 18th days of May, and reported to the court during the same April term continued by adjournment into the month of June. Whereby the petitioner was surprised — was not in the court at the time, and had no actual notice of the report, or of any action upon it, and consequently no opportunity to except to it, or to appeal from any order or judgment of the county court touching it or its subject matter. That, .under these circumstances" the report so prematurely made, was not only prematurely approved and confirmed, but the private road in question, as reported by. the commissioners at the July term, 1850, was also, by express order of court, established in ca-cprdance with the said report of 1850. As a part of the petition for the certiorari are four exhibits, each purporting to be true copies severally of records of the county court, attested as such by the clerk of that court, but not certified in due form over his official seal., But it does not, in any way, appear that these informal transcripts embrace all the proceedings of that court touching that private road, as they remain upon its minutes and files. If it had so appeared by the usual official certificate of the clerk, authenticating these four exhibits as one entire, true, and perfect transcript of said minutes and files, we should have had no hesitancy in concluding that the .court below had erred in refusing the certiorari, because, in that case, there would have been ample ground to hold, 1st: That the petitioner had lost his right of appeal without any negligence upon his part; and 2d : That the county court, in their proceedings, as thus shown, had committed several errors for whichtheir doings were reversible on appeal, and for which, consequently, they should be quashed on a direct proceeding by certiorari. But upon these unauthenticated,, detached and garbled transcripts— which latter is inferable from the discrepancy between, exhibits A and B, as to the time when the reviewers were to report — the circuit court was, in our opinion, fully authorized in the exercise of its sound discretion to refuse the writ.' , We shall therefore decline to afford the relief sought in this court, without prejudice to the rights of the petitioners.